## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| UNITED STATES OF AMERICA | CRIMINAL ACTION |
|---|---|
| VERSUS | NO. 07-352 |
| JAMES COOLEY | SECTION "N" |

### ORDER AND REASONS

Defendant James Cooley ("Cooley") seeks relief pursuant to 28 U.S.C. § 2255, claiming that he was not provided effective assistance of counsel whilst proceeding in this Court and on direct appeal. Having carefully reviewed the parties' lengthy written submissions, the record in this matter, and applicable law, the Court finds no evidentiary hearing to be necessary,[1] and that Cooley has not demonstrated entitlement to relief under § 2255.[2] Accordingly, **IT IS ORDERED** that Cooley's motion is **DENIED**.

### ANALYSIS

### I. Proceedings in Court of Appeals

Cooley's first claim concerns counsel's failure to timely satisfy payment and filing deadlines for his direct appeal, resulting in it being dismissed, first on October 6, 2009, and then again, following reinstatement, on December 12, 2009. *See United States v. Cooley,* Appeal No. 09-30814 (5th Cir. 2010). When defense counsel fails to timely file a requested notice of appeal, a

---

[1] An evidentiary hearing is not required on a motion to set aside a sentence if it appears conclusively from the record that the petitioner is not entitled to relief. *See Randle v. Scott,* 43 F.3d 221, 226 (5th Cir. 1995); *United States v. Plewniak*, 947 F.2d 1284, 1290 (5th Cir. 1991).

[2] As reflected in the record of this matter, the undersigned presided over Cooley's entry of a guilty plea and imposed the sentence from which Cooley seeks relief.

district court can provide relief by vacating and then re-entering judgment so as to allow an out-of-time appeal. *United States v. Tapp*, 491 F.3d 263 (5th Cir. 2007). Here, however, the Fifth Circuit has twice denied motions filed by Cooley seeking reinstatement of his (timely noticed) appeal. *See Cooley,* Appeal No. 09-30814 (March 12, 2010 and September 27, 2010 Orders). Under these circumstances, this Court is not in a position to offer Cooley relief regarding his direct appeal.

## II. Proceedings in District Court

Regarding proceedings in this Court, Cooley maintains that his attorney provided ineffective assistance as follows:

> [1] Counsel unprofessionally failed to advise Mr. Cooley as to all facts and law relevant to his decision to plead guilty. Had Mr. Cooley been fully advised, and had counsel competently pursued a more favorable plea agreement, there is a reasonable probability that he would have pleaded not guilty and proceeded to trial and/or he would have pleaded guilty with a more favorable plea agreement. But for counsel's unprofessional error there is a reasonable probability that the outcome of the proceeding would have been different.
>
> [2] Counsel unprofessionally failed to timely, properly, and effectively move for suppression of evidence material to the conviction and/or sentence and counsel could have but did not timely move for dismissal of the indictment. But for counsel's unprofessional error there is a reasonable probability that the outcome of the proceeding would have been different.
>
> [3] Counsel failed to investigate or present available evidence and legal authority material to the sentencing of Mr. Cooley. Counsel also unprofessionally failed to object to unlawful, false and unreliable evidence used to determine Mr. Cooley's guideline sentencing range and ultimate sentence. But for counsel's unprofessional error there is a reasonable probability that the outcome of the proceeding would have been different.
>
> [4] Counsel unprofessionally failed to move for appropriate downward departure or a downward variance under 18 U.S.C. § 3553(a) in Mr. Cooley's case. But for counsel's unprofessional error

there is a reasonable probability that the outcome of the proceeding would have been different.

[5] Mr. Cooley was prejudiced by the objectively unreasonable performance of counsel during sentencing and direct appeal process when counsel failed to timely argue that Mr. Cooley was denied his Sixth Amendment constitutional rights by the increase in his sentence by facts not charged in indictment, not submitted to a jury, and not proven beyond a reasonable doubt or admitted by Mr. Cooley while utilizing "mandatory" guidelines, and failing to consider or grant sufficient weight to the factors set forth in 18 U.S.C. § 3553(a). But for counsel's unprofessional error there is a reasonable probability that the outcome of the proceeding would have been different.

[6] Mr. Cooley's counsel labored under an actual conflict of interest which adversely affected his performance during pretrial, plea, sentencing and direct appeal process in this case. Counsel owed a duty other than to Mr. Cooley. This duty was in conflict with the duty owed to Mr. Cooley. Counsel chose between the duties. This choice adversely affected the performance of counsel during the pretrial, plea, sentencing and direct appeal process.

[7] Mr. Cooley's conviction and/or sentence [are] violative of the Sixth Amendment constitutional right to effective assistance of counsel in the pretrial, plea, sentencing and direct appeal process due to *both* the individual errors *and* the multiplicity of errors by counsel as set forth herein.[3]

[8] In fact and law, Mr. Cooley did <u>not</u> have two *qualifying* convictions involving controlled substances.[4]

As a preliminary matter, the Court notes that, in his plea agreement, Cooley purports to waive his rights to appeal his conviction and/or sentence (except as to any sentence imposed in excess of the statutory maximum). *See* Rec. Doc. 326. The same is true with respect to his rights to contest his conviction and/or sentence in any collateral proceeding, including one brought under

---

[3] *See* Statement of Claim, Rec. Doc. 578, at ¶¶ 32-39.

[4] *Id.* at ¶ 9.

28 U.S.C. § 2255, unless ineffective assistance of counsel directly affected the validity of the waiver of appellate and collateral rights, or the validity of the plea itself. *Id.* The Fifth Circuit has held that such waivers, if knowing, intelligent, and voluntary, preclude collateral attacks urging ineffective assistance of counsel *unless* the claimed ineffective assistance directly affects the validity of the waiver, or the plea itself. *United States v. White,* 307 F.3d 336, 341, 343 (5th Cir. 2002) (citing *United States v. Wilkes,* 20 F.3d 651, 653 (5th Cir.1994) and *United States v. Hernandez,* 234 F.3d 252, 254 (5th Cir. 2000)).

An appellate or collateral review waiver is knowing if the defendant knows that he has a right to seek review and that he is giving up that right. *See United States v. Portillo*, 18 F.3d 290, 292 (5th Cir.1994) (discussing waiver of appellate rights). A guilty plea is "knowing and intelligent," under due process principles, when the defendant has "a full understanding of what the plea connotes and of its consequences." *Hernandez*, 234 F.3d at 255 (citing *Boykin v. Alabama*, 395 U.S. 238 (1969)). "The defendant need only understand the direct consequences of the plea; [the court need not make him] aware [of] every consequence that, absent a plea of guilty, would not otherwise occur." *Id.*; *see also United States v. Pearson,* 910 F.2d 221, 223 (5th Cir.1990) ("Due process requires that a guilty plea be a knowing and voluntary act; the defendant must be advised of and understand the consequences of the plea."). Thus, with respect to sentencing, the court must ensure that a defendant knows the maximum term of imprisonment and fine that he faces. *Pearson*, 910 F.2d at 223. The court is not required, however, to advise the defendant of his guideline calculations prior to entering a plea. *Id.* ("Due process does not mandate . . . either notice, advice, or a probable prediction of where, within the statutory range, the guideline sentence will fall.")

4

For a guilty plea to be "voluntary," the plea must not be "induced by threats (or promises to discontinue improper harassment), misrepresentation (including unfilled or unfulfillable promises), or perhaps by promises that are by their nature improper as having no proper relationship to the prosecutor's business (e.g., bribes).'" *Brady v. United States*, 397 U.S. 742, 755 (1970) (quoting *Shelton v. United States*, 246 F.2d 571, 572 n. 2 (5th Cir.1957)(en banc), *rev'd on other grounds*, 356 U.S. 26 (1958)). Thus, if "a defendant can show that the court, the prosecutor, or defense counsel induced his guilty plea by clearly and unequivocally guaranteeing a lesser sentence or some other specific leniency, the guilty plea is not voluntary unless the defendant receives that which he was promised." *Daniel v. Cockrell*, 283 F.3d 697, 703 (5th Cir. 2002), *overruled on other grounds by Glover v. United States,* 531 U.S. 198 (2001). On the other hand, "a guilty plea is not rendered involuntary by the defendant's mere subjective understanding that he would receive a lesser sentence" *Id.* "Likewise, a guilty plea is not rendered involuntary because the defendant's misunderstanding was based on defense counsel's inaccurate prediction that a lesser sentence would be imposed." *Id.*

Finally, when a defendant seeks to attack the validity of a plea, the representations of the defendant and his lawyer, the prosecutor, and the judge at a plea hearing "constitute a formidable barrier in any subsequent collateral proceedings." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Such "[s]olemn declarations in open court carry a strong presumption of verity." *Id.*

Applying these principles here, the Court does not find Cooley to have alleged, much less established, that his guilty plea, or his waivers of appellate and collateral relief, were unknowing or involuntary for due process purposes. As stated above, a defendant's subjective understanding that he would receive a lesser sentence, or a misunderstanding based on defense counsel's inaccurate

5

prediction (not promise or guarantee) that he would receive a lesser sentence, does not render a guilty plea involuntary or unknowing. *See Daniel,* 283 F.3d at 703; *see also United States v. McKnight*, 570 F.3d 641, 647 n.2 (5th Cir. 2009) (defendant's lack of awareness of career offender enhancement did not render guilty plea unknowing or involuntary). Further, the record reflects that, as set forth in the Government's opposition memorandum, Cooley was advised in accordance with the requirements of Rule 11(b) of the Federal Rules of Criminal Procedure, was offered opportunities during the plea hearing to ask questions of the Court, his counsel, or the Assistant United States Attorney, and throughout insisted that his guilty plea was knowing and voluntary:

> As the rearraignment transcript demonstrates, the Court fully advised Cooley of the nature of the charge and the elements [that] the government was required to prove in order to convict him of the charge. [Rec. Doc. 573], pp.11-12; 21-26. The Court also informed him of the rights he was giving up by pleading guilty, the statutory mandatory minimum and maximum penalties [that] he faced as a result of those charge, and confirmed the terms of the plea agreement. [Rec. Doc. 573], pp. 17-20; 29-38.
>
> Regarding the terms of the four-page plea agreement, which contained the waiver of appeal and post conviction relief, with the only exceptions being for a "punishment imposed in excess of the statutory maximum," or a post conviction claim being brought only if he established that "ineffective assistance of counsel directly affected the validity of the waiver of appeal and collateral challenge rights," this Court asked Cooley if he [had] "had a chance to discuss with [defense counsel] the contents of the four pages (plea agreement) before signing" [Rec. Doc. 573], p. 37. Cooley responded to this Court's question by stating, "yes." *Id.* Cooley also confirmed that the plea agreement correctly and accurately represented the agreement between himself and the government. [Rec. Doc. 573], pp. 37-38.
>
> This Court specifically told Cooley that "by pleading guilty, he waived his right to appeal the conviction." [Rec. Doc. 573], p. 19. Cooley acknowledged that he understood that he was waiving his rights to appeal. *Id*. This Court further told Cooley that "by pleading guilty, he was waiving the right to appeal his conviction and/or his

sentence on any waivable ground, including, but not limited to, any appeal rights conferred under 28 U.S.C. Section 1291 and 18 U.S.C. Section 3742, except under some very limited circumstances." Specifically, he "would only be able to appeal any punishment that the Court would impose in excess of the statutory maximum." *Id*. Cooley acknowledged that he understood the extent to which he was waiving his right to appeal his conviction and sentence. *Id*. at 19-20. Cooley also acknowledged that by pleading guilty he was waiving his right to contest his conviction and/or sentence in a post-conviction proceeding, including, but not limited to, a proceeding under Title 28, United States Code, Sections 2241 and 2255 on any ground. *Id*. at 20. Cooley acknowledged that he understood that he "could bring a post-conviction claim if he established that ineffective assistance of counsel directly effected the validity of his waiver of appeal and collateral challenge rights or the validity of the guilty plea itself." *Id.*

Following confirmation to this Court that he understood the appeal and post-conviction waivers, Cooley acknowledged that he was pleading guilty voluntarily and of his own free will and because he was in fact guilty of the crime charged. [Rec. Doc. 573], pp. 34-35; 38-39. Further, Cooley denied having been pressured into pleading guilty because of any promises or threats and [affirmed] that he was pleading guilty voluntarily and of his own free will. [Rec. Doc. 573] , pp. 38-39. This Court offered Cooley opportunities during its plea colloquy to ask questions of the court, his counsel, or the Assistant United States Attorney, and throughout Cooley insisted that his guilty plea was knowing and voluntary.[5]

Cooley nevertheless contends that he is entitled to relief because counsel's lack of investigation and advice, and other actions in connection with Cooley's conviction and sentencing, deprived him of the effective assistance of counsel to which he is entitled by the Sixth Amendment of the United States Constitution.[6] The Court likewise finds these claims to be unavailing.

As stated above, as enumerated ground [1], Cooley alleges that, while proceeding in this Court, "counsel failed to advise him as to all facts and law relevant to his decisions to plead

---

[5] *See* Government's Memorandum, Rec. Doc. 615, pp. 6-8.

[6] *See* Statement of Claim, Rec. Doc. 578, at ¶ 32.

7

guilty." Given the absence of any identification of the specific facts and legal principles on which this general and overly conclusory statement is premised, however, the Court is unable to provide any relief regarding it. Furthermore, even if the Court assumes that Cooley is referring to his counsel's failure to ascertain and advise him regarding his likelihood of receiving a career offender enhancement under the Sentencing Guidelines,[7] prior to his entry of a guilty plea, and that such an omission, if found to be ineffective assistance of counsel, would render the Cooley's guilty plea and waivers invalid, the claim is unavailing.

Establishing a viable Sixth Amendment "ineffective assistance of counsel" claim requires a defendant to satisfy both prongs of the test set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984): (1) that counsel's performance was deficient; and (2) that counsel's deficient performance prejudiced his defense. The proper standard for judging attorney performance is that of "reasonably effective assistance," considering all the circumstances. *Id.* To establish the requisite prejudice, the defendant must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* Thus, a defendant who has entered a guilty plea demonstrates prejudice by establishing a reasonable probability that, but for counsel's deficient conduct, he would have instead proceeded to trial, or pled guilty on more favorable terms. *See, e.g., Lafler v. Cooper*, 132 S.Ct.1376, 1384-88 (2012);

---

[7] Although not specifically alleged in Cooley's motion and/or supporting memorandum, the Government's brief acknowledges this omission. *See* Government's Memorandum, Rec. Doc. 615, pp. 3, 8-10, and 14. It also was discussed at length during Cooley's sentencing proceeding. *See* Sentencing Transcript, Rec. Doc. 615-2, pp. 7-13, and 16-24.

8

*Missouri v. Frye*, 132 S.Ct. 1399, 1409-11 (2012); *Hill v. Lockhart*, 474 U.S. 52, 58-60 (1985).[8]

Applying these standards and assuming, without deciding, that, prior to Cooley's guilty plea,[9] defense counsel did not provide reasonably effective assistance relative to advising him regarding his possible career offender status, the claim nonetheless fails because the requisite prejudice to Cooley's defense has not been demonstrated. Rather, Cooley simply offers the conclusory and completely unsupported assertion that "had [he] been fully advised, and had counsel competently pursued a more favorable plea agreement, there is a reasonable probability that he would have pleaded not guilty and proceeded to trial and/or he would have pleaded guilty with a more favorable plea agreement," such that, but for counsel's deficiencies, there is a reasonable possibility that the outcome of the proceeding would have been different.[10]

It is notable that Cooley did not seek to withdraw his plea and proceed to trial prior to sentencing. Nor does he now profess to be actually innocent of the offenses to which he pled guilty. In any event, is not reasonable to assume, for a number of reasons, that a sentence imposed following trial would be less onerous than that imposed, or that the Government would have offered (and the Court accepted) a more favorable plea agreement, if Cooley had rejected the plea agreement

---

[8] Simply inquiring into whether a guilty plea, or the rejection of plea guilty plea, was knowing and voluntary, is not the correct means by which to address a claim of ineffective assistance of counsel. Rather, the two-prong *Strickland* test is to be utilized. *See Lafler v. Cooper*, 132 S.Ct.1376, 1390 (2012) (proposed plea agreement rejected upon advice of counsel); *Missouri v. Frye*, 32 S.Ct. 1399, 1406 (2012) (defense counsel failed to communicate plea offer to the defendant that may have been more favorable than one that was later accepted; *Hill v. Lockhart*, 474 U.S. 52, 57-59 (1985) (a guilty plea challenged on the basis of ineffective advice from counsel).

[9] *See, e.g., Ladd v. Cockrell,* 311 F.3d 349, 358 (5th Cir. 2002) ("[T]he Sixth Amendment requires counsel to conduct a reasonably thorough, independent inquiry into the defenses that might be offered in mitigation of punishment."), citing *Baldwin v. Maggio*, 704 F.2d 1325, 1332-33 (5th Cir.), *cert. denied,* 467 U.S. 1220 (1984)).

[10] *See* Cooley's Memorandum, Rec. Doc. 578, p. 12.

now at issue here.

First, by pleading guilty, and thus allowing the Government and the Court to save and allocate resources more efficiently, Cooley received a three-point offense level reduction in his offense level for his acceptance of responsibility, pursuant to § 3E1.1(b) of the Sentencing Guidelines, that he would not have received if a full trial had been necessary. *See* U.S.S.G. § 3E1.1(b).[11] Second, Cooley was allowed to plead to the lesser quantity of cocaine hydrochloride that he actually purchased from co-conspirators, rather than the quantity attributable to the entire conspiracy, for which he likely would have been held accountable if he had gone to trial as originally charged in the Fifth Superseding Indictment, and been found guilty.[12]

Third, as the Government points out, Cooley was caught on audio negotiating with two co-conspirators for the purchase of 1 kilogram of cocaine and, moreover, complaining about the price his usual sources of supply had been charging.[13] Fourth, the Court certainly took into account Cooley's willingness to plead guilty, cooperate with the government, and accept responsibility, as well as defense counsel's forceful arguments at sentencing regarding the underlying convictions providing the basis for the career offender enhancement, and the three-level mitigating role adjustment from which Cooley otherwise could not benefit because of the career offender

---

[11] With respect to the two-level decrease provided by § 3E1.1(a), conviction by trial does not automatically preclude a defendant from consideration. Receipt of the decrease under such circumstances, however, is rare. *See* U.S.S.G. §§3E1.1(a); App. Note 2. ("In rare situations a defendant may clearly demonstrate acceptance of responsibility for his criminal conduct even though he exercises his constitutional right to a trial.")

[12] *See* Fifth Superseding Indictment, Superseding Bill of Information, Factual Basis, and Plea Agreement, Rec. Docs.192, 279, and 325-26.

[13] *See* Factual Basis, Rec. Doc. 325, p. 3; *see also* Government's Memorandum, Rec. Doc. 615, p. 10.

enhancement, in imposing a non-Guidelines sentence that is 27 months below the otherwise applicable 262-327 months advisory range.[14]

Finally, as noted by the Court at sentencing, Cooley's criminal history category under the Sentencing Guidelines was calculated as a level VI, the highest level possible; furthermore, he committed the instant offense while on supervised release as part of a sentence imposed following a drug conviction by another section of this Court.[15] Considering the foregoing, the Court cannot find that, but for counsel's error, as set forth in enumerated ground [1], there is a reasonable possibility that the outcome of the proceeding would have been different.

Focusing on Cooley's enumerated grounds [2-8], Court again notes Cooley's knowing and voluntary guilty plea and waiver of appellate and collateral rights, and finds these six assertions to have been waived. *See White*, 307 F.3d at 341, 343; *Wilkes*, 20 F.3d at 653. And, even if not waived, they are to no avail as they are unacceptably conclusory and unsupported in fact and law. For instance, Cooley does not identify the evidence that counsel allegedly should have sought to suppress, the alleged basis for seeking dismissal of the indictment, what matters counsel failed to investigate and/or present to the Court, what actual conflict of interest his counsel allegedly had relative to Cooley, or the basis for arguing that Cooley did not have two qualifying convictions involving controlled substances. Further, the record reflects that, prior to Cooley's sentencing, counsel filed objections to the pre-sentence investigation report, and filed a supplemental

---

[14] *See* Sentencing Transcript, Rec. Doc. 615-2, pp.6-24.

[15] *See* Sentencing Transcript, Rec. Doc. 615-2, pp.18, 23-24. At sentencing, the undersigned stated: "Obviously, you don't get to a category VI on your criminal history for making a few mistakes, or having bad judgment, or falling in with the wrong crowd. I think it takes persistence to get a criminal history category VI." *Id.* at p.18.

memorandum asking the Court to impose a sentence of imprisonment below the applicable Sentencing Guidelines Range.

## **CONCLUSION**

For the reasons stated herein, the Court finds the Motion to Vacate under 28 U.S.C. §2255 filed by James Cooley (Rec. Doc. 578) to lack merit. According, **IT IS ORDERED** that the motion is **DENIED**.

New Orleans, Louisiana, this 30th day of October 2012.

                                                  **KURT D. ENGELHARDT**
                                                  **United States District Judge**

**Clerk to Copy:**
  **Clerk of Court, U.S. Fifth Circuit Court of Appeals**
  **(re: In re James Cooley, Case No. 12-30970)**